UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED:___11/9/2020___       │
└─────────────────────────────────┘
```

AMANDA MAHONEY-FERNANDES,

                    Plaintiff,

            -against-                                    20-cv-6474

CVS PHARMACY INC. and JOHN DOE                ORDER DENYING MOTION TO REMAND
MANUFACTURER,

                    Defendants.

        Plaintiff Amanda Mahoney-Fernandes filed a complaint in the Supreme Court of New

York against CVS Pharmacy Inc. and a John Doe Manufacturer [ECF #4-1 ("Complaint")].

Mahoney-Fernandes alleges that she sustained injuries to her skin when she used a defective ice

pack that she purchased at a CVS store.  *See* Complaint ¶¶ 6, 25, 29.  Although the Complaint

named CVS Pharmacy Inc. as a defendant, CVS Albany, LLC owns the store where Mahoney-

Fernandes allegedly purchased the ice pack, and CVS Albany, LLC, i/p/a CVS Pharmacy Inc.,

("CVS") appeared and answered the Complaint in state court [ECF #10-1].  CVS later served

Mahoney-Fernandes with a Demand for a Statement of Damages, and, in a response dated July

22, 2020, she claimed $750,000 in total damages [ECF #4-2].

        On August 17, 2020, CVS filed a notice of removal, invoking the diversity jurisdiction of

this Court [ECF #4 ("Notice of Removal")].  Mahoney-Fernandes filed a motion to remand [ECF

#6 ("Pl. Mot.")].  CVS file a response in opposition to the motion [ECF #10 ("Def. Opp.")].  And

Mahoney-Fernandes filed a reply [ECF #11 ("Pl. Reply")].

        Mahoney-Fernandes argues that removal was premature and that CVS failed to establish

complete diversity among the parties.  The removal statute permits defendants to file a notice of

removal "within thirty days" of receiving notice that the case is "removable." 28 U.S.C. §

1446(b)(3); *see Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).  A case is

removable based on diversity jurisdiction where: (1) the amount in controversy exceeds $75,000; and (2) complete diversity exists between the plaintiffs and defendants.  *See* 28 U.S.C. § 1446(c); 28 U.S.C. § 1332.

CVS filed its notice of removal within 30 days of receiving a response to its statement of damages, which put CVS on notice that the case was removable because it established that the amount in controversy exceeds $75,000.  Mahoney-Fernandes contends that removal was inappropriate because "we do not yet know the identit[y] of John Doe Manufacturer."  Pl. Mot. at 1.  However, "[i]n determining whether a civil action is removable on the basis of [diversity], the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).  Thus, removal was not premature, and the identity of John Doe Manufacturer is not relevant to whether this case is removable.

Mahoney-Fernandes also argues that CVS cannot establish complete diversity, but this argument fails.  There is no dispute that Mahoney-Fernandes is a citizen of New York. Complaint ¶ 1; Notice of Removal ¶ 2.  She argues that the parties are not diverse because CVS "is registered to do business in New York" and "CVS pharmacies are so prevalent in New York City."  Pl. Reply at 1.  However, the issue is the *citizenship* of the parties.  *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117–18 (2d Cir. 2014) (complete diversity exists where all plaintiffs are "citizens of states diverse from those of all defendants"). "For diversity purposes, the citizenship of an LLC depends on the citizenship of its members. *See Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000).  The sole member of Defendant CVS Albany, LLC is CVS Pharmacy, Inc., which is a Rhode Island corporation with its principal place of business in Rhode Island.  Notice of Removal ¶ 2.  Thus, CVS is a citizen of Rhode Island, and complete diversity exists.

For the reasons set forth above, the motion to remand is DENIED.  The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 6.

**SO ORDERED.**

Date:  **November 9, 2020**
     **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**